CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class SANTOS ALCANTAR MURILLO**
**United States Army, Appellant**

ARMY 20240066

Headquarters, Joint Readiness Training Center and Fort Johnson
Michael C. Friess, Military Judge
Colonel Travis W. Elms, Staff Judge Advocate

For Appellant: Major Robert W. Rodriguez, JA; Captain Jessica A. Adler, JA.

For Appellee: Lieutenant Colonel K.M. Bohlke, JA.

4 February 2025

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

An omission in appellant's Rule for Courts-Martial [R.C.M.] 1106 matters ultimately led to the nullification of the convening authority's intended waiver of automatic forfeitures for the benefit of appellant's wife. We correct that error in our decretal paragraph to ensure the intended action is executed. On consideration of the entire record, including consideration of the issue personally raised by appellant

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and the modified sentence are correct in law and fact.[1] [2]

## BACKGROUND

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of a violation of a general order and of two specifications of wrongful distribution of methamphetamine, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a (2019) [UCMJ]. On 12 February 2024, the military judge sentenced appellant to a bad conduct discharge, confinement for six months, reduction to the grade of E-1, and forfeiture of all pay and allowances.

In appellant's R.C.M. 1106 matters, he requested the convening authority "waive automatic forfeitures for 6 months," and suspend the reduction in rank for the benefit of his wife. Later in his matters, appellant requested the convening authority "reduce, commute, or suspend his reduction in rank, confinement, and bad conduct discharge." Notably, appellant did not ask the convening authority to reduce, commute or suspend the adjudged forfeitures.

On 26 April 2024, the convening authority took no action on the findings and sentence. The convening authority deferred the reduction in rank and adjudged forfeitures until Entry of Judgment, and waived automatic forfeitures for the benefit of appellant's wife. On 23 May 2024, the military judge entered judgment, incorporating the convening authority post-trial actions.

Since the convening authority did not reduce, commute, or suspend the adjudged total forfeitures, appellant's pay and allowances presumably never became available to his wife.

---

[1] We also elect to modify the language in Block 24 of the "Statement of Trial Results" to correct a scrivener's error. Block 24 reads "No other lawful punishment may be adjudged" while it should read "all other lawful punishments may be adjudged," consistent with the terms of appellant's plea agreement and the colloquy between the military judge and appellant on the record.

[2] We also note that Block 31 (whether appellant had been convicted of a crime punishable by imprisonment for a term exceeding one year) was incorrectly marked* "No." In accordance with *United States v. Williams*, __ M.J. __, 2024 CAAF LEXIS 501 (C.A.A.F. 7 May 2024), we lack the authority to modify this action. We do, however, note the discrepancy for the record.

* Corrected

## LAW AND DISCUSSION

When the intent of the convening authority is clear, "judicial economy permits us to cure [errors in the convening authority action], rather than burdening [staff judge advocates] and convening authorities with execution and review of new actions to cure trivial errors." *United States v. Hertel*, 2021 CCA LEXIS 112, at *5 (Army Ct. Crim. App. 15 Mar. 2021) (summ. disp.) (internal citations and quotations omitted).

Appellant's R.C.M. 1106 matters were focused on providing financial support to his wife through waiver of automatic forfeitures and deferral of the rank reduction. Likewise, the "Convening Authority Action" demonstrates the convening authority's intent to waive automatic forfeitures to benefit appellant's wife. However, appellant did not request in his R.C.M. 1106 matters, and the convening authority did not grant in his action, a commutation or suspension of the adjudged forfeitures. Therefore, the adjudged forfeitures remained in place, presumably preventing any release of appellant's pay and allowances to his wife upon Entry of Judgment. "If . . . the convening authority intends to waive automatic forfeitures for the purpose of directing payment of automatic forfeitures to a dependent, the convening authority cannot approve an adjudged forfeiture of all pay and allowances." *Id.* at *3. Nor can the convening authority disapprove adjudged forfeitures as R.C.M. 1109(c)(5)(C) limits his authority only to reduce, commute, or suspend any adjudged forfeitures of pay and allowance. Accordingly, we now find that judicial economy permits us to address this error, in an attempt to effectuate the convening authority's intent. *Id.* at *5.

This court encourages an *increased* attention to detail by all parties on post-trial matters like this one. At multiple times along the post-trial processing path, either party could have discovered this error and remedied it in a timely manner to ensure appellant's wife received financial support as the convening authority intended.

## CONCLUSION

On consideration of the entire record, the findings of guilty are AFFIRMED. Regarding the sentence, only so much of it as provides for a bad conduct discharge, confinement for six months, and reduction to the grade of E-1 is AFFIRMED. The sentence pertaining to adjudged forfeitures is SET ASIDE. All rights, privileges, and property, of which appellant and his dependents have been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. See UCMJ arts. 58b(c) and 75(a).

Senior Judge FLEMING and Judge SCHLACK concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court